# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TONEY, <br>     Petitioner, <br> v. <br> UNITED STATES OF AMERICA, <br>     Respondent. | Case No: 20-cv-0705 BAS (AGS) <br><br> **ORDER DENYING PETITION FOR HABEAS CORPUS** |

Criminal defendant Stephen Toney filed a petition for habeas corpus in Case No. 20-cv-705-BAS (AGS) seeking pretrial release because of the COVID-19 virus. For the reasons stated below, the petition is **DENIED**.

## I.  Procedural History

On March 15, 2018, Defendant was indicted for conspiracy to distribute hydrocodone without a prescription. (ECF No. 71.)[1]

---

[1] Unless otherwise indicated, all ECF references are to Mr. Toney's criminal case: Case No. 18-cr-1405-BAS.

On March 26, 2019, Mr. Toney stipulated without prejudice to detention pending trial. (ECF Nos. 69, 75.) On June 20, 2018, upon Mr. Toney's request to revisit the issue, the Magistrate Judge granted the Government's motion to continue to detain Mr. Toney pending trial. (ECF No. 140). The Judge found: (1) that Mr. Toney was facing a minimum mandatory sentence of at least ten years in custody; and (2) that there was a serious risk Mr. Toney would flee. (ECF No. 145.) The Magistrate Judge concluded that no condition or combination of conditions would ensure Mr. Toney's appearance at future court hearings or the safety of the community. The Judge's reasons for those findings included: Mr. Toney's mental health and substance abuse history, his past failures to appear at probationary noncompliance events, and his extensive criminal record which included crimes of violence, narcotics offenses, involvement with firearms, and witness tampering. (*Id*.) Mr. Toney did not appeal this order to the District Court.

On June 13, 2019, Mr. Toney pled guilty to Count One of the indictment. (ECF No. 282.) Sentencing is set for June 15, 2020. (ECF No. 404.) The probation department recommends the Court find a guideline range of 168 to 210 months and recommends a downward variance to ten years in custody. (ECF No. 305.)

**II.   Criminal Conduct**

Mr. Toney recruited straw patients, many homeless, incarcerated or even deceased, to receive fake hydrocodone prescriptions from co-defendant Dr. Salerno. (Plea Agreement, ECF No. 285, at §IIB; PSR, ECF No. 305 "The Offense Conduct".) He arranged to have these prescriptions delivered to pharmacies, purchased the hydrocodone, and then arranged to have it delivered to others for sale on the streets. (*Id*.)

Mr. Toney has a lengthy criminal record including three prior drug felonies, assault with a deadly weapon with likely great bodily injury, hit and run, and witness tampering. (PSR ¶¶ 67–99.) According to family members, he suffers from schizophrenia that manifests itself in audible and visual hallucinations. (PSR ¶¶ 107, 113.) Mr. Toney also suffers from hepatitis. (PSR ¶ 111.) Because of his criminal record, Mr. Toney is not eligible for safety valve or a sentence less than ten years.

### III. Analysis

Under the Bail Reform Act, 42 U.S.C. §3143(1), a person who has been found guilty of an offense recommending imprisonment shall be detained unless the Judge finds by clear and convincing evidence the defendant is not likely to flee or pose a danger to the community. In *Stack v. Boyle*, 342 U.S. 1, 6 (1951), a case decided before the Bail Reform Act was enacted, the Supreme Court pointed out that "[t]he proper procedure for challenging bail as unlawfully fixed is by motion for reduction of bail and appeal to the Court of Appeals from an order denying such motion." The Court explained, "[w]hile habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." *Id.* (citation omitted).

In other words, Mr. Toney should be pursuing this request for bail in his criminal case, and, if unsuccessful, by appealing any denial of bail in the criminal case. That said, bail is not appropriate in this case. Mr. Toney has pled guilty and is facing at least a ten-year minimum mandatory sentence. He has a criminal history that includes several prior drug felonies. For all the reasons stated by the Magistrate Judge at the detention hearing, Mr. Toney poses both a risk of flight and a risk of danger to the community. Thus, under § 3143, he shall be detained.

The Court is not unsympathetic to the plight of prisoners who are at risk of contracting the COVID-10 virus while in custody. The Court understands that Mr. Toney is concerned because of his health conditions and that he is vulnerable and unable to socially distance while he is in custody. However, his allegations do not risk to the level of an Eighth Amendment violation.

Furthermore, as noted by the Government, the Bureau of Prisons is doing an admirable job of keeping the pandemic under control. At least as of today's date, the facility where Mr. Toney is being housed does not have any positive cases of COVID-19. Additionally, nothing presented by Mr. Toney warrants the Court releasing him before his

sentencing in two weeks, a sentencing where he is likely to receive at least 120 months in custody.

### IV.  Conclusion

For the above reasons, Mr. Toney's habeas petition is **DENIED**. The Clerk is directed to close case number 20-cv-705-BAS.

**IT IS SO ORDERED.**

**DATED: May 28, 2020**

Hon. Cynthia Bashant
United States District Judge